**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-51245
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO QUIROZ-CARRILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1954-ALL

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM[*]

Rogelio Quiroz-Carrillo appeals the 27-month sentence imposed following his conviction on a guilty plea to being an alien found unlawfully in the United States after previously having been removed. *See* 8 U.S.C. § 1326(a). He contends the sentence imposed by the district court was unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Although

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quiroz concedes the advisory guidelines range was properly calculated, he contends: the range of 27-33 months was too severe; the illegal reentry guideline is not empirically based and double-counted his criminal record; and, the presumption of reasonableness should not apply to his within-guidelines sentence. Quiroz further claims: his offense did not pose a danger to others; and the guidelines range did not account for his motive for reentering, which related to family issues.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error". *Id.* at 752-53. If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion. *Id.* at 751-53. Because Quiroz did not raise his empirical-evidence and double-counting contentions in district court, we review them only for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099).

Quiroz' claim that his within-guidelines sentence is not entitled to a presumption of reasonableness, because the relevant guideline is not supported by empirical evidence, lacks merit. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), *petition for cert. filed* (Aug. 27, 2009) (No. 09-6195);

2

*Mondragon-Santiago*, 564 F.3d at 366-67. Likewise, we have rejected the assertion that using a prior conviction to determine the applicable offense level, as well as to determine a defendant's criminal history score, results in impermissible double counting. *See Duarte*, 569 F.3d at 529-31. In short, there is no error, plain or otherwise, for these two issues.

Quiroz' assertions that he should have received a lower sentence based on his motive for returning to the United States and that his offense overstated the seriousness of his conduct are insufficient to overcome the presumption of reasonableness of his within-guidelines sentence. *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.